734

■ In the Matter of the Claim of GUSSIE ROSENTHAL, Appellant, v. JAC SPORTSWEAR et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board denying death benefits on the ground that decedent did not sustain an accidental injury arising out of and in the course of employment. Decedent, a foreman in a men's shirt factory, died from a myocardial infarction on June 19, 1957. Two years later in June, 1959 a claim of accidental injury was filed alleging an "unusual exertion and severe emotional upset" on June 18, 1957, the day preceding decedent's demise. The emotional upset was supposed to have emanated from an alleged argument. The testimony of claimant's witnesses as to the event was contradictory and suspect. The testimony of the witness Sam Slovin was impeached. The board was faced with grave questions of credibility, and with the evaluation of the following factual issues. First, whether there was an argument of any nature and, second, if there was, the nature and extent thereof. The board has found that the evidence failed to establish an accidental injury arising out of and in the course of employment; that there is no credible or substantial evidence that the argument involved or induced emotional strain greater than the irritations to which all workers are subjected without untoward result; and finally that there was no accidental injury in the common-sense viewpoint of the average man. These evaluations are within the exclusive province of the board (*Matter of Duncan* v. *Trans-World Airlines*, 19 A D 2d 666; *Matter of Rothschild* v. *Flatbush Jewish Center*, 18 A D 2d 1045). On a review of all of the evidence in the record, we feel that the board with its duty to pass upon the credibility of the witnesses and to weigh the facts, properly interpreted and evaluated the testimony and was well within its fact-finding power in reaching the decision rendered. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND BAILEY, Appellant.— Appeal from an order of the County Court, Ulster County, denying an application for a writ of *coram nobis*. Appellant was indicted on April 29, 1954 for the crime of unlawfully and feloniously escaping prison. (Penal Law, § 1694.) On January 21, 1960, while imprisoned at Green Haven Prison, appellant requested final disposition of the untried indictment pursuant to section 669-a of the Code of Criminal Procedure. On June 10, 1960 appellant was arraigned, advised of his right to counsel and requested the appointment thereof, and advised of the provisions of section 335-b of the Code of Criminal Procedure. On June 13, 1960 counsel was appointed and on June 22, 1960 appellant plead guilty. He contends here that the County Court's action in advising him of the provisions of section 335-b when such section did not apply to the particular charge on which he was arraigned was misleading and intimidated him into pleading guilty when he might otherwise have refrained from doing so. While we agree that County Court should not have advised appellant as to the provisions of section 335-b when such section did not apply to the crime he was charged with, we do not find in the instant case that defendant was in any way prejudiced. There is no question that the sentence itself was proper and that for a period of seven days prior to his plea of guilty appellant was represented by counsel. Order affirmed. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.